

the insured property and the specified amount recoverable are settled by the contract so that in the event of total loss proof of actual value becomes unnecessary. This theory is obviously unsound. The contract of insurance in suit is a conventional open policy which, by its express terms requires proof of the actual cash value of the insured property at the time of loss or damage.

At the trial the plaintiff introduced testimony that after the insured equipment had been damaged it purchased a heavier replacement at a cost of $35,000. This testimony was plainly irrelevant and inadmissible but the defendant interposed no objection to its introduction. We are of the opinion that on the retrial of this action the exclusion of this testimony may insure a fair and understandable determination of the issue of damages.

The judgment of the court below will be reversed and the action will be remanded for a new trial limited to the issue of damages.

Donald Frederick Frost, Miami, Fla., for appellant.

Edward A. Kaufman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

**Alfredo Francisco GONZALEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23599.**

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1967.

**PER CURIAM:**

The defendant Alfredo Francisco Gonzalez appeals from his conviction upon two counts of an indictment charging him and Jose de la Paz with having obtained or otherwise acquired non-taxpaid marihuana in violation of the marihuana Tax Act, 26 U.S.C.A. § 4744(a). The three errors which he alleges all stem from a single contention, namely, that he was not proved to have had actual or constructive possession of the marihuana which he was charged with having obtained or otherwise acquired. We find no merit in this contention. On the contrary, the evidence presented to the jury by the Government disclosed a classical case of constructive possession by Gonzalez in which marihuana in the custody of de la Paz was completely subject to Gonzalez's disposal and was actually delivered at his direction to a federal narcotic agent

* Of the Third Circuit, sitting by designation.

by de la Paz. The district court did not err in instructing the jury as to the law of constructive possession, in permitting the marihuana in question to be offered in evidence, or in denying Gonzalez's motion for a directed verdict.

The judgment of the district court is affirmed.

Jerome Wallace **PILARSKI**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 23545.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1967.

Rehearing Denied Feb. 28, 1967.

Ronald I. Strauss, Miami, Fla., Court-appointed, for appellant.

Edward A. Kaufman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction under the Dyer Act, 18 U.S.C.A. § 2312. In connection with the trial commencing on February 2, 1966, Pilarski, tried too early to have the benefit of *Miranda* safeguards,[1] pressed strongly *Escobedo* rights.[2] At the pretrial hearing on Pilarski's motion to suppress alleged incriminating evidence obtained by local police officials and an agent of the F.B.I. during interrogation of Pilarski and examination of the interior of the automobile at a Miami filling station, the District Court overruled contentions that such evidence was obtained in derogation of Pilarski's *Escobedo* right to counsel, or by illegal search and seizure. These contentions are now reasserted on this appeal.

Despite the resourceful, diligent effort of court-appointed counsel through extensive briefs and vigorous argument before the Court, we can find no error. Whether on waiver as the Trial Judge found or on the purely investigative nature of the interrogation at a time when there was no known but unsolved crime, cf. Myricks v. United States, 5 Cir., 1967, 370 F.2d 901, he was not denied counsel. As to the search, waiver and consent in-

---

* Of the Third Circuit, sitting by designation.

1. Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is available only to litigants whose trials began subsequent to the date of that deci-sion, June 13, 1966. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

2. Escobedo v. State of Illinois, 1964, 378 U.S. 478, 85 S.Ct. 1758, 12 L.Ed.2d 977.