United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10542
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANGEL NEIRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CR-31-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

José Angel Neira appeals his conviction by a jury of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine (Count 1) and possession with intent to distribute more than 500 grams of cocaine (Count 2), in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii), (b)(1)(B)(ii), 846. Neira contends that the evidence was insufficient to show that he knowingly participated in the conspiracy and that he knowingly possessed cocaine. Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We conduct our sufficiency review under the familiar rational jury standard, see United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003), and in light of the elements required to prove the offenses. See United States v. Dean, 59 F.3d 1479, 1485 (5th Cir. 1995) (conspiracy elements); United States v. Onick, 889 F.2d 1425, 1429 (5th Cir. 1990) (possession elements). Mere presence at a crime scene or close association with conspirators is insufficient to support an inference of knowing participation in a conspiracy. United States v. Tenorio, 360 F.3d 491, 495 (5th Cir. 2004). Here, however, there was ample other evidence supporting the jury's verdict.

The evidence viewed in the light most favorable to the verdict showed the following: on April 27, 2004, David Silva and Monica Canchola were arrested with a one-kilogram package of cocaine supplied by Alejandro Rios. The intended recipients, Natanael Montoya, Oscar DeLeon, and José Ruiz, were arrested at the same time. Silva had delivered drugs for Rios to all three men on prior occasions. Neira's telephone number was on a piece of paper taken from Montoya and in the directory of one of the telephones retrieved from Montoya's car.

Law enforcement set up a controlled delivery, instructing Silva to contact Rios. As Rios was unable to reach Montoya, he instructed Silva to call Neira and gave him Neira's telephone number. Silva told Neira that he was calling on behalf of Rios, and Neira never questioned Silva. Ultimately, Silva met Neira in

a McDonald's parking lot, at Neira's instruction. Neira signaled his presence by turning on his ignition. Neira insisted that Silva follow him to a house owned by Robert Ramirez, where Neira was arrested. Throughout the hours and minutes leading up to the arrest, there were numerous telephone calls between Rios, Silva, and Neira.

A search of Ramirez's house revealed large quantities of cocaine, firearms, scales, bar coded plastic bags, and other paraphernalia consistent with drug distribution. Neira's truck likewise contained bar coded plastic bags similar to those found in Ramirez's house.

After the arrest, Rios repeatedly attempted to reach Neira by telephone. During the two months prior to the arrest, there were 102 telephone contacts between telephones associated with Rios and Neira's telephone, although both Neira and his wife denied knowing Rios.

Neira argues that the evidence is consistent with innocence, pointing to the testimony of his wife that cash found in Neira's house came from sales of cars and a rodeo, that Neira used the plastic bags for goat vitamins and hypodermic needles, that Neira was going to see Ramirez regarding some concrete work, that Montoya had been referred to Neira for some car rims, and that Neira received calls from persons in Mexico regarding car sales. Nevertheless, the cumulative effect of all the evidence considered in context amply supports the jury's finding that Neira was a

3

knowing participant in a drug conspiracy. See Dean, 59 F.3d at 1485-86.

For similar reasons, a rational jury could have found that Neira knew of the cocaine and had constructive possession of it. The evidence regarding the arrangements made by Rios and Silva for the cocaine's delivery, the numerous telephone calls between Rios, Silva, and Neira in the hours leading up to the arrest, and the instructions by Neira to Silva to meet him at a McDonald's and then to follow him to Ramirez's house, all support the jury's possession verdict. See United States v. Brito, 136 F.3d 397, 410 (5th Cir. 1998) (defining constructive possession); see also Gonzalez v. United States, 372 F.2d 127, 127-28 (5th Cir. 1967) (defendant who directed delivery of drugs had constructive possession).

For the foregoing reasons, the judgment of the district court is AFFIRMED.